IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TERESA GILMAN,

    Plaintiff,

v.                                                                   Civ. No. 20-213 KG/SCY

STATE OF NEW MEXICO and
KEGAN JONES, in his individual
capacity,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING IN PART MOTION FOR PROTECTIVE ORDER**

       This matter comes before the Court on Defendant State of New Mexico's Opposed Motion for Protective Order, filed May 22, 2020. Doc. 28. Plaintiff filed a response in opposition on June 3, 2020. Doc. 30. Defendant State filed a reply on June 17, 2020. Doc. 31. Having reviewed the briefs and all relevant authority, the Court grants in part Defendant State's Motion.

## BACKGROUND

       Plaintiff Teresa Gilman filed this action in state court on February 18, 2019. Doc. 1-1. She alleges that while she was incarcerated at the Western Women's Correction Facility ("WWCF") Defendant Kegan Jones, a correctional officer, sexually assaulted her. *Id.* ¶¶ 3, 18-29. Plaintiff brings suit against Kegan Jones, in his individual capacity, as well as against the State of New Mexico. Doc. 1-1. Plaintiff's Complaint alleges three counts: (1) Section 1983 claims against Defendant Jones; (2) Section 1983 claims against the State; and (3) tort claims against the State.

       On March 10, 2020, after Plaintiff served the State, it removed this action to federal Court. Doc. 1. In lieu of an answer, the State filed a Motion to Dismiss for Failure to State a

Claim, asserting that the Court should dismiss the two claims (Count II and Count III) Plaintiff brings against it. Doc. 5. It argues that the Court should dismiss Count II (Section 1983) because states are immune from Section 1983 damages suits and it should dismiss Count III (tort claim) because the State is entitled to sovereign immunity. After filing a response in opposition, Doc. 8, Plaintiff filed an opposed motion to withdraw her response as to Count II and to dismiss Count II, Doc. 12. Both motions are currently pending before the presiding judge.

In the meantime, Defendant Jones filed an answer, Doc. 6, and the Court set a scheduling conference in accordance with Federal Rule of Civil Procedure 16, Doc. 7. In advance of the scheduling conference, the parties filed a Joint Status Report, in which Defendant State asserted that it "may file a motion to stay discovery." Doc. 15 at 5. It explained that "discovery needs to start with the deposition of Plaintiff," which cannot currently be conducted because visitation at WWCF is suspended due to COVID-19. *Id.*; *see also* Doc. 15 at 14 ("[D]epending on the coronavirus situation and its impact on the New Mexico prisons, [the State] may file a motion to stay discovery."). The Court held the scheduling conference on May 5, 2020 and discussed the State's proposed stay. Doc. 24. Counsel for the State indicated it would not currently be moving for a stay and agreed to go forward with written discovery. *Id.* As such, the Court entered a Scheduling Order. Doc. 22. In accordance with the Scheduling Order, Defendant Jones served written discovery requests upon Plaintiff, Doc. 25, and Plaintiff served written discovery requests upon both Defendants, Docs. 26, 27.

In response to Plaintiff's written discovery requests, Defendant State filed the present Motion for Protective Order. Doc. 28. The State moves to stay its responses to Plaintiff's written discovery requests until after the Court rules on its pending Motion to Dismiss.[1]

## ANALYSIS

Federal Rule of Civil Procedure 26 (c)(1) allows the court, for good cause, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery." The burden is on the moving party to demonstrate good cause for the requested protective order. *Benavidez v. Sandia Nat'l Lab.*, 319 F.R.D. 696, 721 (D.N.M. 2017). The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *See Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).

Defendant State asserts that its Motion to Dismiss "raises the issue of sovereign immunity, upon which the Court's subject-matter jurisdiction depends, and thus the Court should resolve the motion, and its own jurisdiction over the State of New Mexico in this action, prior to the State having to respond to Plaintiff's massive, burdensome discovery." Doc. 28 at 1. The Tenth Circuit has recognized that a stay of discovery can be warranted while an issue of jurisdiction is being resolved. *See Moore v. Busby,* 92 F. App'x 699, 702 (10th Cir. 2004) (affirming the trial court's stay of discovery pending resolution of question of immunity); *see also Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("[T]he Supreme Court has

---

[1] While the State argues that its motion for protective order "should not come as a surprise," because it noted in the Joint Status Report that it may move for a stay, Doc. 31 at 2, it only noted in the Joint Status Report that it may move for a stay depending on Plaintiff's availability for a deposition due to COVID-19. Indeed, at the time of filing the Joint Status Report and at the time of the Scheduling Conference, the State had already filed its Motion to Dismiss. However, it never mentioned that it may seek to stay discovery pending the Motion to Dismiss.

repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation." (internal quotations omitted)). When considering whether to stay discovery, courts have considered five factors:

> 1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Roybal v. United States*, No 13-610 KG/GBW, 2014 WL 12617288, at *2 (D.N.M. Apr. 9, 2014) (considering the *String Cheese* factors); *Mestas v. CHW Group, Inc.*, No. 19-792 MV/CG, 2019 WL 5549913, at *1 (D.N.M. Oct. 28, 2019) (same).

Considering the factors, the Court finds that the State's proposed protective order is appropriate while its Motion to Dismiss is pending. First, Plaintiff undoubtedly has an interest in timely proceeding with this civil action. However, only Defendant State moved for a protective order. As the case currently stands, Plaintiff may still proceed with written discovery as to Defendant Jones.[2] Further, and more importantly, although the case was filed in February 2019, it has only been in this Court since March 2020. A limited stay while the Motion to Dismiss is

---

[2] In its Motion for Protective Order, the State only requests a stay of discovery as to its responses to Plaintiff's written discovery. The State does not seek to stay all discovery and presents no arguments that it would be burdened by discovery conducted between Plaintiff and Defendant Jones. As such, the Court only addresses whether to stay the written discovery propounded on the State while allowing discovery to continue between Plaintiff and Defendant Jones.

Plaintiff asserts that "[a] stay of discovery as to the State would significantly prejudice [her] in that the court's scheduling order remains in place with regard to the exchange of discovery between Defendant Kegan Jones and Plaintiff. Plaintiff requires discovery from the State in order to make timely decisions pursuant to the court's scheduling order . . . ." Doc. 30 at 7. If the Motion to Dismiss is denied, the Court will hold a status conference to address case management deadlines.

4

pending will not unduly delay the case or prejudice Plaintiff. Second, Defendant State will be burdened by the absence of a stay. The State has asserted a total defense to the claims against it and if its Motion to Dismiss is successful, it will be dismissed from the case. It will be burdened by spending time and money to respond to discovery requests when it may be dismissed from the case at this early stage. Third, the Court will not be greatly inconvenienced by this limited stay. The Court has already entered a Scheduling Order, which shall continue to control discovery between Plaintiff and Defendant Jones. If the State is not dismissed from the case, the Court will hold another conference with the parties to discuss whether to amend the case management deadlines.[3] Lastly, the Court finds that the interest of persons not parties to the litigation and the public interest do not come into play in this matter. On balance, the Court agrees that Plaintiff's discovery requests to the State should be stayed pending resolution of the Motion to Dismiss.

This conclusion is bolstered by the fact that the Motion to Dismiss raises an issue of sovereign immunity. In a similar situation, the Tenth Circuit found that the district court had not abused its discretion in staying discovery pending a motion to dismiss. *Liverman v. Committee on the Judiciary, U.S. House of Representative*, 51 F. App'x 825, 827-28 (2002). The court held that "[t]his conclusion is buttressed by the fact that [the Defendant] raised sovereign immunity and other immunity-based defenses in its motion to dismiss." *Id.* at 827. It explained that

> [t]he Supreme Court has recognized where a defense of qualified immunity has been raised, until the threshold immunity question is resolved, discovery should not be allowed. Finding no logical reason why this rule should not apply where the defendant raises the defense of sovereign immunity and the defense is primarily one of law, we conclude that the district court did not abuse its discretion in staying discovery pending resolution of the [defendant's] motion to dismiss.

---

[3] Under the current Scheduling Order, discovery does not close until December 4, 2020. Doc. 21.

*Id.* at 827-28 (internal citations omitted); *see also Pfaff v. United States*, No. 14-cv-03349, 2015 WL 7075508, at *2 (D. Colo. Nov. 13, 2015) ("This court finds that the United States' invocation of sovereign immunity as a jurisdictional defense is primarily one of law and that it is appropriate to stay discovery and other pre-trial proceedings, pending [the presiding judge's] disposition of the Motion to Dismiss to spare both sides the expense and burden of discovery that may ultimately be unnecessary.").

Lastly, Defendant State asserts that Plaintiff's discovery requests are burdensome due to the number of requests. Doc. 31 at 3-4. However, the State does not seek a protective order to shield it from answering certain alleged burdensome requests. Rather, it seeks to answer the requests after its Motion to Dismiss is decided. To be clear, the Court is not making a ruling on whether Plaintiff has served discovery that is unduly burdensome due to the number and type of questions.[4] *See* Doc. 28-1 (Plaintiff's discovery requests to Defendant State); Doc. 21 (Order Setting Case Management Deadlines and Discovery Parameters). Instead, the Court finds that discovery as to the State would be burdensome at this point in the case while the dispositive motion is pending.

## CONCLUSION

For these reasons, the Court finds good cause to enter a protective order and stay Defendant State's responses to Plaintiff's pending discovery requests until after the Motion to Dismiss (Doc. 5) is decided. Defendant State requests a stay until 45 days after the Court enters an order on the Motion to Dismiss. However, it has shown no reason why it would need more than the set 30 days to respond. *See* Doc. 15 at 13 (Joint Status Report indicating written

---

[4] Although, Plaintiff stipulates that her Requests for Production exceed the maximum allowed by the Scheduling Order by three requests. Doc. 20 at 4 n.2.

discovery responses due 30 days after service); Doc. 22 (Order adopting the Joint Status Report). Instead, if the Court denies the Motion to Dismiss, Defendant State shall respond to Plaintiff's discovery requests within 30 days. At that time, if Defendant State needs additional time to respond, it may, after conferring with Plaintiff, renew its motion for an extension of time.

    Accordingly, the State's Opposed Motion for Protective Order (Doc. 28) is GRANTED IN PART.

    IT IS SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE