IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERESA GILMAN,

    Plaintiff,

vs.                                                      Civ. No. 20-213 KG/SCY

STATE OF NEW MEXICO and KEEGAN
JONES, in his individual capacity,

    Defendants.

## ORDER GRANTING MOTION TO WITHDRAW (DOC. 12)

This matter comes before the Court upon "Plaintiff's Motion to Withdraw Response to Defendant State of New Mexico's Motion to Dismiss Count II, for Failure to State a Claim (Doc. 8)" (Motion to Withdraw), filed April 2, 2020. (Doc. 12). Defendant State of New Mexico filed a response on April 15, 2020, and Plaintiff filed a reply on April 21, 2020. (Docs. 14 and 16). Having reviewed the Motion to Withdraw and its accompanying briefing, the Original Complaint for Civil Rights and Tort Violations (Complaint) (Doc. 1-1), and the briefing associated with Defendant State of New Mexico's Motion to Dismiss Complaint (Docs. 5, 8, and 10), the Court grants the Motion to Withdraw.

### I. Background

#### A. *The Complaint*

Plaintiff alleges sexual abuse by Defendant Keegan Jones, a corrections officer, while she was a post-conviction inmate at the Western Women's Correction Facility (WWCF). (Doc. 1-1) at ¶ 3. Plaintiff alleges that "Defendant State of New Mexico, through the New Mexico Corrections Department ('NMCD') owned, operated and maintained WWCF." *Id.* at ¶ 5.

Plaintiff further alleges that "in the months leading up to and including this incident, the State of New Mexico, through the NMCD, engaged in customs, policies, and/or practices that exposed the female inmate population at WWCF to unreasonable risks of sexual abuse." *Id.* at ¶ 10. Plaintiff enumerates six such customs, policies, and/or practices. *Id.* at ¶ 11. Plaintiff asserts that "[t]hese customs, policies, and/or practices were contrary to State and national standards, guidelines, and policies for protecting inmates from sexual victimization…." *Id.* at ¶ 12.

Pertinent to the Motion to Withdraw, Plaintiff brings two causes of action against Defendant State of New Mexico. In Count II, a 42 U.S.C. § 1983 cause of action, Plaintiff alleges that Defendant State of New Mexico's customs, policies, and practices violated her Eighth and Fourteenth Amendment rights. *Id.* at ¶¶ 41-44. In Count III, a state tort cause of action, Plaintiff alleges that Defendant "State of New Mexico's customs, policies, and practices, as described above, constituted a breach of the standard of care and amounted to negligence, gross negligence, and recklessness in the operation and maintenance of a building under NMSA 1978, § 41-4-6." *Id* at ¶ 45.

B. *The Motion to Dismiss Complaint*

On March 13, 2020, Defendant State of New Mexico filed a Motion to Dismiss Complaint in which it seeks to dismiss Counts II and III. (Doc. 5). The Court notes that Defendant State of New Mexico did not submit a "recitation of a good-faith request for concurrence" with the Motion to Dismiss Complaint as required by Local Rule 7.1(a). *See* D.N.M. LR-Cv 7.1(a) (Court may "summarily" deny motion if it omits "recitation of a good-faith request for concurrence").

On March 24, 2020, Plaintiff filed a response contesting the Motion to Dismiss Complaint in its entirety. (Doc. 8). With respect to Count II, Plaintiff argues that the Complaint plausibly alleges municipal liability claims against Defendant State of New Mexico. *Id.* at 4-10.

On March 31, 2020, Defendant State of New Mexico filed its reply to the Motion to Dismiss Complaint. (Doc. 10). Defendant State of New Mexico states that Plaintiff's municipal liability argument "is nothing less than absurd" because Defendant State of New Mexico is not a municipality or a county. *Id.* at 1-2.

*C.  Assertions Relevant to the Motion to Withdraw*

Plaintiff's attorney states that "immediately" after New Mexico Governor Michelle Lujan-Grisham declared a state of emergency on March 11, 2020, due to the COVID-19 pandemic, she "focused on the conditions of confinement of her numerous clients facing federal criminal charges and in custody" at various state facilities. (Doc. 12) at ¶¶ 8-9. That declaration of a state of emergency occurred two days before Defendant State of New Mexico filed it Motion to Dismiss Complaint.

After reading Defendant State of New Mexico's reply to the Motion to Dismiss Complaint and conducting "additional legal research," Plaintiff's attorney "realized" that the portion of "her response in opposition to Defendant's Motion to Dismiss Count II was in error." *Id.* at ¶ 12. Plaintiff's attorney admits that she "erroneously focused on the issue of municipal liability pursuant to 42 U.S.C. § 1983, rather than state liability." *Id.* at ¶ 10.

Plaintiff's attorney "immediately" apologized to Defendant State of New Mexico's attorney "for the erroneous legal argument as to [C]ount II and initially offered to file a stipulated order of dismissal of [C]ount II…." *Id.* at ¶ 13. Defendant State of New Mexico's attorney responded that Plaintiff should agree to dismiss both Counts II and III. *Id.* at ¶ 14.

3

Indeed, Plaintiff's attorney agreed to dismiss the two counts and prepared a proposed order of dismissal. *Id.* at ¶ 15. Defendant State of New Mexico, however, rejected the proposed order of dismissal and offered its own proposed order of dismissal with "additional conditions and language to which Plaintiff cannot agree." *Id.* at ¶ 16. Upon conducting additional legal research, Plaintiff no longer believes that a dismissal of Count III is appropriate. *Id.* at ¶ 17. Plaintiff, nonetheless, continues to "maintain[] that dismissal of Count II against the State of New Mexico is appropriate." *Id.*

*II. The Motion to Withdraw*

Plaintiff moves under D.N.M. LR-Cv 7.7 to withdraw only the portion of her response to the Motion to Dismiss Complaint that addresses the request to dismiss Count II. Local Rule 7.7 states that "[a] party may withdraw a document from consideration by the Court by filing and serving a notice of withdrawal which specifically identifies the document being withdrawn." Local Rule 7.7 further states that "[w]ithdrawal requires consent of all other parties or approval of the Court." Defendant State of New Mexico does not consent to the Motion to Withdraw.[1]

Plaintiff's attorney seems to imply that the COVID-19 pandemic and the ensuing focus on her incarcerated clients distracted her from properly responding to Defendant State of New Mexico's request to dismiss Count II. To decide this Motion to Withdraw, the Court need not find whether such a distraction or other reasons caused Plaintiff's attorney to make the erroneous legal argument. Plaintiff's attorney further supports her Motion to Withdraw by noting that she immediately apologized to Defendant State of New Mexico's attorney for her erroneous legal argument and she agreed to dismiss Count II.

---

[1] Defendant State of New Mexico incorrectly appears to believe that Plaintiff seeks to withdraw the entire response to the Motion to Dismiss Complaint when Plaintiff seeks to withdraw only her legal argument as to Count II. *See* (Doc. 14) at 1.

Defendant State of New Mexico, on the other hand, asserts that "some of the statements made in [the response] regarding Count II are pertinent to support the State's arguments seeking dismissal of Count III (which Plaintiff opposes)."  (Doc. 14) at 1.  More particularly, Defendant State of New Mexico seems to argue that Plaintiff's discussion of the alleged customs, policies, and practices with respect to Count II is relevant to its request to dismiss Count III.  In fact, Defendant State of New Mexico and Plaintiff discuss those alleged customs, policies, and practices as they pertain to Count III.  *See* (Doc. 5) at 4; (Doc. 8) at 11-12; and (Doc. 10) at 10.  Granting the Motion to Withdraw, thus, will not adversely affect Defendant State of New Mexico's ability to argue that Plaintiff fails to state a plausible tort claim in Count III.  Hence, this first argument in opposition to the Motion to Withdraw lacks merit.

Finally, Defendant State of New Mexico states that it had to address Plaintiff's "error" in its reply to the Motion to Dismiss Complaint and "[t]hat caused an unnecessary waste of taxpayer resources."[2]  (Doc. 14) at 2 (footnote omitted).  The Court finds this argument particularly unpersuasive given that Defendant State of New Mexico violated Local Rule 7.1(a) by not seeking a concurrence from Plaintiff prior to filing the Motion to Dismiss Complaint.  The purpose of Local Rule 7.1(a) is to promote judicial efficiency and economy by precluding the unnecessary filing of motions, responses, and orders.  Had Defendant State of New Mexico complied with Local Rule 7.1(a), the parties would have agreed that Count II should be dismissed, as the parties do now.  Accordingly, the parties would not have incurred the expense of briefing the issue of whether to dismiss Count II.  Moreover, the Court would not have been

---

[2] Defendant State of New Mexico further notes that at the conclusion of the case it may be entitled to an award of attorney's fees expended in addressing Plaintiff's groundless Count II argument.  (Doc. 14) at 2 n.1.  Defendant State of New Mexico, nonetheless, admits that the issue of such an award of attorney's fees is not yet "ripe."  *Id.*

required to expend unwarranted judicial resources drafting and entering this Order.  Defendant State of New Mexico is forewarned that future violations of Local Rule 7.1(a) may result in the summary denial of its motions.

In sum, the Court finds good cause to grant the Motion to Withdraw.

IT IS ORDERED that

1.  Plaintiff's Motion to Withdraw Response to Defendant State of New Mexico's Motion to Dismiss Count II, for Failure to State a Claim (Doc. 8)," (Doc. 12), is granted;

2.  Plaintiff's legal argument with respect to Count II of the Complaint (Doc. 1-1) is withdrawn from Plaintiff's Response to Defendant State of New Mexico's Motion to Dismiss Complaint (Doc. 8); and

3.  the Court will disregard that legal argument when deciding the Motion to Dismiss Complaint (Doc. 5).

_____
UNITED STATES DISTRICT JUDGE