IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERESA GILMAN,

      Plaintiff,

vs.                                       Civ. No. 20-213 KG/SCY

STATE OF NEW MEXICO and KEGAN
JONES, in his individual capacity,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>
<u>DISMISSING COUNT II WITH PREJUDICE</u>

This matter arises from alleged sexual abuse Plaintiff Teresa Gilman experienced in 2017 while incarcerated as a post-conviction inmate at the Western Women's Correction Facility (WWCF). The "State of New Mexico, through the New Mexico Corrections Department ('NMCD') owned, operated and maintained WWCF." Original Complaint for Civil Rights and Tort Violations (Complaint) (Doc. 1-1) at ¶ 5.

Plaintiff originally filed this lawsuit in state court against the alleged abuser, Corrections Officer Kegan Jones, and the State of New Mexico. *See id.* Plaintiff claims that Defendants Jones and State of New Mexico violated her federal civil rights under 42 U.S.C. § 1983, and that Defendant State of New Mexico also committed a state tort under the New Mexico Tort Claims Act (NMTCA). (Doc. 1-1). Defendant Jones, with Defendant State of New Mexico's consent, removed this lawsuit to federal court. (Doc. 1). The Court notes it has federal question jurisdiction under 28 U.S.C. § 1441(a) and Section 1983.

Defendant State of New Mexico filed the instant Motion to Dismiss Complaint under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's claims against it, namely, Count II, a Section 1983

cause of action, and Count III, a NMTCA cause of action.  (Doc. 5).  Plaintiff filed a timely response to the Motion to Dismiss Complaint opposing the Motion in its entirety, and Defendant State of New Mexico filed a timely reply.  (Docs. 8 and 10).  Plaintiff, however, now agrees to dismiss Count II with prejudice.  *See* (Doc. 16) at 4.[1]  The Court, therefore, will only assess Plaintiff's legal arguments as to Count III.

Having considered the Motion to Dismiss Complaint, the relevant accompanying briefing, the Complaint, and Plaintiff's agreement to dismiss Count II with prejudice, the Court grants the Motion to Dismiss Complaint as to Count II but denies the Motion to Dismiss Complaint as to Count III.

*I. Background*

Plaintiff alleges that she worked late on February 20, 2017, to clean the WWCF infirmary in preparation for an audit.  (Doc. 1-1) at ¶¶ 14-15.  At 1:00 a.m., Defendant Jones escorted Plaintiff to her cell.  *Id.* at ¶ 18.  Plaintiff contends that "no one was monitoring the video of Defendant Jones escorting Plaintiff to her cell, and Defendant Jones knew that the video was not being monitored at this hour."  *Id.* at ¶ 20.  According to Plaintiff, Defendant Jones entered her cell while she was changing into her pajamas and sexually abused her.  *Id.* at ¶¶ 21-29.

Plaintiff alleges that "in the months leading up to and including this incident, the State of New Mexico, through the NMCD, engaged in customs, policies, and/or practices that exposed the female inmate population at WWCF to unreasonable risks of sexual abuse."  *Id.* at ¶ 10. Plaintiff contends that those alleged customs, policies, and/or practices include:

---

[1] The Court notes that subsequent to the completion of briefing on the Motion to Dismiss Complaint, the Court granted "Plaintiff's Motion to Withdraw Response to Defendant State of New Mexico's Motion to Dismiss Count II, for Failure to State a Claim (Doc. 8)," (Doc. 12). *See* (Doc. 42).  In doing so, the Court withdrew that portion of Plaintiff's response to the Motion to Dismiss Complaint that raises legal arguments as to Count II.  *Id.*

      [a] setting staffing plans that did not comply with relevant standards, guidelines, and policies for protecting inmates from the risk of sexual abuse, particularly during night shifts;

      [b] failing to staff the facility with a number of corrections officers and female corrections officers that would be reasonably necessary to protect inmates from the risk of sexual abuse, particularly during night shifts;

      [c] failing to monitor real time video feeds of the facility during night shifts;

      [d] allowing male corrections officers to escort inmates throughout the facility during night shifts, without being observed by a third party;

      [e] allowing male corrections officers to enter housing units during night shifts, without being observed by a third party, and without announcing themselves; and

      [f] allowing male corrections officers to view inmates in their cells as they showered or changed clothes during night shifts, without being observed by a third party.

*Id.* at ¶ 11.  Plaintiff asserts that "[t]hese customs, policies, and/or practices were contrary to State and national standards, guidelines, and policies for protecting inmates from sexual victimization…." *Id.* at ¶ 12.

In Count III, Plaintiff alleges that Defendant "State of New Mexico's customs, policies, and practices, described above, constituted a breach of the standard of care and amounted to negligence, gross negligence, and recklessness in the operation and maintenance of a building under NMSA 1978, § 41-4-6" of the NMTCA.  *Id* at ¶ 45.

## II.  Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Emps.' Ret. Sys. of R.I. v. Williams Cos., Inc.*, 889 F.3d 1153, 1161 (10th Cir. 2018) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Free Speech v. Fed. Election Comm'n*, 720 F.3d 788, 792 (10th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678)  In making this plausibility assessment, courts "accept as true 'all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable

to the plaintiff.'"  *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (quoting *Kerber v. Qwest Grp. Life Ins. Plan*, 647 F.3d 950, 959 (10th Cir. 2011)).

### III.  Discussion

"The NMTCA is the only remedy against a governmental entity or public employee for any tort for which the NMTCA waives [sovereign] immunity." *Hunt v. Cent. Consol. Sch. Dist.*, 951 F. Supp. 2d 1136, 1193 (D.N.M. 2013) (citing NMSA 1978, § 41–4–17(A) (1996 Repl. Pamp.)). "A plaintiff may not sue a governmental entity of New Mexico or its employees or agents unless the plaintiff's cause of action fits within one of the exceptions [to sovereign immunity] listed in the NMTCA." *Id.*  Notably, "exceptions to the [NM]TCA's general rule of immunity are strictly construed."  *Kreutzer v. Aldo Leopold High Sch.*, 2018-NMCA-005, ¶ 51, 409 P.3d 930.  "If no specific waiver of immunity can be found in the [New Mexico] Tort Claims Act, [a] plaintiff['s] complaint must be dismissed."  *Begay v. State*, 1985-NMCA-117, ¶ 10, 104 N.M. 483 *rev'd sub nom. on other grounds by Smialek v. Begay*, 1986-NMSC-049,104 N.M. 375.

Plaintiff alleges that Section 41-4-6(A) of the NMTCA waives sovereign immunity for the tort she alleges Defendant State of New Mexico committed.  Section 41-4-6(A) waives sovereign immunity for torts "resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings." NMSA 1978, § 41-4-6(A) (1996 Repl. Pamp.).

Defendant State of New Mexico argues that a Section 41-4-6(A) waiver of sovereign immunity does not apply to the factual allegations raised in the Complaint.  Defendant State of New Mexico, therefore, concludes that sovereign immunity bars Count III and subjects Count III

to a Rule 12(b)(6) dismissal.  Defendant State of New Mexico makes three arguments in support of its position:  (1) Section 41-46(A) requires Plaintiff to allege that "the physical building or premises of the prison" were "dangerous or unsafe," which Plaintiff does not do; (2) Section 41-4-6(A) does not waive sovereign immunity for a claim that Defendant State of New Mexico negligently supervised Defendant Jones; and (3) Section 41-4-6(A) does not waive sovereign immunity for claims arising from administrative functions involving the security or custody of inmates, functions Defendant State of New Mexico argues it performed with respect to Plaintiff. *See* (Doc. 5) at 4.

A. *Whether Plaintiff Must Allege that the WWCF's Physical Buildings or Premises were Dangerous or Unsafe*

Defendant State of New Mexico argues first that Section 41-4-6(A) requires Plaintiff to allege that "the physical building or premises of the prison" were "dangerous or unsafe." *See* (Doc. 5) at 4.  Although, as noted above, New Mexico courts instruct courts to strictly construe the exceptions to the NMTCA's grant of sovereign immunity, the New Mexico Supreme Court "interprets Section 41-4-6(A) broadly, an admonition that appears to have originated with cases holding that the waiver is not limited to a 'physical defect' on the premises but applies 'where due to the alleged negligence of public employees an injury arises from an unsafe, dangerous, or defective condition on property owned and operated by the government[.]'" *Kreutzer*, 2018-NMCA-005 at ¶ 50 (internal quotation marks and citations omitted).  In other words, "Section 41-4-6(A) applies to more than the physical aspects of a building and 'includes safety policies necessary to protect the people who use the building.'"  *Lucero v. Olivas*, 2016 WL 10179281, at *5 (D.N.M.) (quoting *Upton v. Clovis Mun. Sch. Dist.*, 2006-NMSC-040, ¶ 9, 140 N.M. 205, *as revised* (Sept. 12, 2006)).  Plaintiff, therefore, need not allege any dangerous or unsafe conditions involving the physical aspects of WWCF's buildings or premises to seek a Section

41-4-6(A) waiver of sovereign immunity.

   *B. Whether Plaintiff Alleges Defendant State of New Mexico Negligently Supervised Defendant Jones*

   Second, Defendant State of New Mexico argues that Section 41-4-6(A) does not waive sovereign immunity for a claim that Defendant State of New Mexico negligently supervised Defendant Jones.  Indeed, "New Mexico courts have found that claims for negligent supervision … fall[] outside the NMTCA's limited waiver of immunity."  *Lucero*, 2016 WL 10179281 at *5 (citing *Espinoza v. Town of Taos*, 1995-NMSC-070 ¶ 8, 905 P.2d 718).

   In discussing negligent supervision in the context of a waiver of sovereign immunity, New Mexico "case law has been clear that failure to address a pattern of violence is *not* merely failure to supervise."  *Encinias v. Whitener Law Firm, P.A.*, 2013-NMSC-045, ¶ 14, 310 P.3d 611.  With respect to prison lawsuits, an inmate can sue the State of New Mexico under the NMTCA when a "prison's security practices endanger[] the entire prison population" without "creat[ing] a waiver of immunity for negligent supervision…."  *Id.* at ¶ 14 (citation omitted).  Additionally, "[t]he question is not about general supervision" when "the government reasonably should have discovered and could have prevented" "the violent acts of a third party…."  *Id.* at ¶ 17.  For instance, in a school setting, Section 41-4-6(A) applies if "there was a history student violence" in a certain school area and that area "was not monitored by security cameras and … the security guards and teachers assigned to monitor the area were not present at the time of the attack" on the plaintiff.  *Id.* at ¶ 18.  Furthermore, a challenge to a "School District's general failure to implement promised safety policies to at risk-students" constitutes "more than negligent supervision" of a child.  *Lessen v. City of Albuquerque*, 2008-NMCA-085, ¶ 21, 144 N.M. 314 (citations omitted).

6

Viewing Plaintiff's allegations as true and in the light most favorable to Plaintiff, the Court can reasonably infer from those allegations that Defendant State of New Mexico's customs, policies, and practices, i.e., Defendant State of New Mexico's security practices, including its failure to monitor unsafe situations, endanger the entire female inmate population at WWCF.  Put another way, considering the alleged existence of "State and national standards, guidelines, and policies for protecting inmates from sexual victimization," the Court can reasonably infer that Defendant State of New Mexico reasonably should have known about the alleged unsafe night conditions, including the lack of monitoring, and could have prevented the harm Defendant Jones allegedly caused Plaintiff.  *See* (Doc. 1-1) at ¶ 12.  Given these reasonable inferences and the New Mexico cases describing what constitutes negligent supervision in analogous situations, the Court concludes that Plaintiff does not allege that Defendant State of New Mexico negligently supervised Defendant Jones.

### C.  Whether Plaintiff Alleges that Defendant State of New Mexico Performed Administrative Functions with Respect to Plaintiff

Finally, Defendant State of New Mexico argues that Section 41-4-6(A) does not waive sovereign immunity for claims arising from administrative functions like the security or custody of inmates.  As Defendant State of New Mexico correctly states, "New Mexico courts have found that … administrative functions fall[] outside the NMTCA's limited waiver of immunity." *Lucero*, 2016 WL 10179281, at *5 (citing *Espinoza*, 1995-NMSC-070 at ¶ 8).  "Administrative functions include the 'security, custody, and classification of inmates.'"  *Id.* (quoting *Archibeque v. Moya*, 1993-NMSC-079, ¶ 8, 116 N.M. 616).  Even so,

> New Mexico courts … recognize "a difference between cases involving only a 'discrete administrative decision' that did not make the premises any more dangerous beyond 'the reasonable and expected risks of prison life,' and the cases demonstrating 'a general condition of unreasonable risk from negligent security practices,' for which the governmental entity does waive immunity under the [NMTCA.]"

*Id.* (quoting *Jackson v. City of Albuquerque*, 2011 WL 5041211, at *2 (N.M. Ct. App.)).  In fact, a single discrete administrative decision affecting only one inmate does not fall within a Section 41-4-6(A) waiver.  *See Upton*, 2006-NMSC-040 at ¶ 20 (observing that Section 41-4-6(A) waiver applies where "dangerous condition based on more than just a single administrative decision affecting only one inmate").  On the other hand, a Section 41-4-6(A) waiver applies if "there was a generally present danger to members of the prison population at large." *Garner v. Dep't of Corr.*, 1995-NMCA-103, ¶ 8, 120 N.M. 547.  For example, "[a] prison creates a dangerous condition by allowing known gang members to congregate in a recreation room that is shielded from observation by guards." *Encinas*, 2013-NMSC-045 at ¶ 11.

In this case, viewing the allegations in the Complaint as true and in Plaintiff's favor, the Court finds that Plaintiff does not allege that Defendant State of New Mexico made a discrete administrative decision affecting only her or that a discrete administrative decision "did not make the premises any more dangerous beyond 'the reasonable and expected risks of prison life.'" *See Lucero*, 2016 WL 10179281, at *5 (quoting *Jackson*, 2011 WL 5041211 at *2). Rather, the Court reasonably infers from Plaintiff's allegations that Defendant State of New Mexico's customs, policies, and practices create a general condition of unreasonable risk to WWCF female inmates due to negligent security practices.  Specifically, the Court reasonably infers that Defendant State of New Mexico's customs, policies, and practices create a generally present danger to the WWCF female inmate population at large by allowing male corrections officers impermissible access to WWCF female inmates that is shielded from observation by WWCF staff.  Considering the above reasonable references and New Mexico case law, the Court determines that Plaintiff's allegations do not involve mere administrative functions like the security or custody of inmates.

*D. Conclusion*

The Court concludes that Plaintiff has pled sufficient facts to show that the Section 41-4-6(A) waiver of sovereign immunity applies.  Consequently, Plaintiff has pled a plausible NMTCA claim against Defendant State of New Mexico.  The Court, therefore, will deny the Motion to Dismiss Complaint as to Count III.  As stated above, Plaintiff agrees to dismiss Count II.  Accordingly, the Court will grant the Motion to Dismiss Complaint as to Count II, only.

IT IS ORDERED that

1.  the Motion Dismiss Complaint (Doc. 5) is granted in part; and

2.  Count II of the Complaint (Doc. 1-1) is dismissed with prejudice.

                                                                _____
                                                             UNITED STATES DISTRICT JUDGE